IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| JULINE NALIA KAULUWEHI and TIPHANI WEGS on behalf of themselves individually and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>QUAKER WINDOW PRODUCTS CO.,<br><br>Defendant. | Case No. **2: 25-cv-04159-MDH** |

## ORDER

Before the Court is Plaintiffs' Motion to Remand. (Doc. 8). Plaintiffs have filed suggestions in support. Defendant has filed suggestions in opposition and Plaintiffs have replied, thus the motion is now ripe for adjudication. For reasons herein, Plaintiff's Motion is **GRANTED**. This case is remanded back to state court.

## BACKGROUND

On June 11, 2025, Plaintiffs filed their Petition in Osage County, Missouri, bringing claims for violations of the Missouri Minimum Wage Law ("MMWL"), and Missouri's common law of unjust enrichment/quantum meruit. Plaintiffs allege Defendant's rounding and meal break policies and practices violated the MMWL by failing to properly compensate Defendant's hourly, non-exempt employees overtime wages for all hours worked in excess of 40 hours per week in violation of R.S. Mo. § 290.505. On July 23, 2025, Defendant removed the case to this Court. Defendant contends that this Court has federal question jurisdiction over the claims because their MMWL claim, brought pursuant to R.S. Mo. §§ 290.500 et seq., is really a federal claim only masquerading as a "purported" state law claim.

1

## STANDARD

An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446. A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.,* citing *Junk v. Terminix Int'l* Co., 628 F.3d 439, 446 (8th Cir. 2010).

## DISCUSSION

Defendant contends that this Court has federal question jurisdiction over the claims because their MMWL claim, brought pursuant to R.S. Mo. §§ 290.500 et seq., specifically § 290.505 on Overtime compensation. It argues the claim is really a federal claim only masquerading as a "purported" state law claim. R.S. Mo. § 290.505.4 states:

> Except as may be otherwise provided under sections 290.500 to 290.530, this **section shall be interpreted in accordance with the Fair Labor Standards Act**, 29 U.S.C. Section 201, et seq., as amended, and the Portal to Portal Act, 29 U.S.C. Section 251, et seq., as amended, and any regulations promulgated thereunder.

(emphasis added). Defendant contends that the above provision directs the Court to "delve into federal wage and hour law and regulations[,]" and thus creates a federal question.

Fair Labor Standards Act does not expressly prohibit state legislation in the area of wages and working conditions, but specifically contemplates state regulation of labor conditions, nor does federal statute implicitly prohibit state regulation by occupying the whole field and leaving no room for supplemental state provisions. Fair Labor Standards Act of 1938, § 1 et seq., 29 U.S.C.A. § 201 et seq.

2

A plaintiff's mere reference to federal statutes or case law in a complaint is not sufficient to create federal question jurisdiction. *Kennedy v. Commercial Bank*, 2012 WL 639014, at *2 (E.D.Mo. Feb. 27, 2012) (unreported) (citing *Merrill Dow Pharms., Inc. v. Thompson,* 478 U.S. 804, 813 (1986)). *See I.S. v. Washington Univ.*, 2011 WL 2433585, *5 (E.D.Mo. Jun. 14, 2011) (unreported) (no federal question jurisdiction where state law claim for negligence per se referred to the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§1320d et. al.)); *Taylor v. Lewis*, 772 F.Supp.2d 1040, 1044–45 (E.D.Mo.2011) (unreported) (no federal question jurisdiction in claim for personal injuries involving HUD lease); *Henderson v. Jordan*, 2009 WL 2168692, *2 (E.D.Mo. July 17, 2009) (unreported) (no federal question jurisdiction where state law breach of fiduciary claim referred to SEC regulations).

The Supreme Court holds that where "it appears that some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims," federal jurisdiction is not automatically conferred on a federal court; "the presence of the federal issue as an element of the state tort is not the kind of adjudication for which jurisdiction would serve congressional purposes and the federal system." *Merrell Dow,* 478 U.S. at 813–14, 106 S.Ct. 3229 (holding that *Franchise Tax Board,* 463 U.S. at 13, 103 S.Ct. 2841, "did not purport to disturb the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction"; and finding no federal cause of action where plaintiff alleged federal statute as an element of its cause of action). *See also Kennedy,* 2012 WL 639014, at *1 (rejecting defendant's argument that federal question jurisdiction existed because plaintiff's claims required "the resolution of substantial questions of federal law under the FLSA," where plaintiff brought no federal claims).

3

Defendant argues this is not a case simply about overtime payment, rather it is about rounding and meal break claims. Plaintiffs argue that rounding and meal break claims are types of overtime claims and that they were not properly paid overtime for all hours worked in excess of 40 per week in violation of the MMWL. They further allege that the way Defendant failed to pay them overtime was to round away (and thus undercount) their time worked at the beginning and end of shifts, and to consistently cut short their unpaid meal breaks.

The Court in *Bowler v. Allied Barton Security Servs.,* LLC, 123 F. Supp. 3d 1152, 1158 (E.D. Mo. 2015), found the presence of a "meal break" claim did not disturb "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." (quoting *Merrell*, 478 U.S. at 813-14). Thus, this Court agrees with Plaintiffs that their claims under the Missouri Minimum Wage Law do not fit within the "special and small" category of state claims that so implicate federal questions as to be removable. *Central Iowa Power Co-op v. Midwest Indep. Transmission Sys. Operator, Inc.*, 561 F.3d 904, 912 (8th Cir. 2009) (citation removed). *See Kennedy v. Commercial Bank*, No. 4:12cv329, 2012 WL 639014, at *2 (E.D. Mo. Feb. 27, 2012), *Simpson v. Energy Petroleum Co.*, No. 4:17cv2501, 2017 WL 4923574, at *5 (E.D. Mo. Oct. 31, 2017), and *Bowler v. AlliedBarton Security Servs.*, LLC, 123 F. Supp. 3d 1152, 1159 (E.D. Mo. 2015).

## CONCLUSION

Wherefore, for the reasons set forth herein, the Motion to Remand is **GRANTED**. The case is **REMANDED** to the Circuit Court of Osage County. The Plaintiffs are granted leave to submit their itemized statement of attorney's fees and costs incurred in the removal for the Court's consideration. Any such statement shall be filed within 10 days of the date of this Order.

**IT IS SO ORDERED.**

DATED:  October 23, 2025

                                           /s/ Douglas Harpool
                                           **DOUGLAS HARPOOL**
                                           **UNITED STATES DISTRICT JUDGE**