# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JULINE NALIA KAULUWEHI and TIPHANI WEGS on behalf of themselves individually and all others similarly situated,<br><br>        Plaintiffs,<br>vs.<br><br>QUAKER WINDOW PRODUCTS CO.,<br><br>        Defendant. | Case No. **2: 25-cv-04159-MDH** |

## **ORDER**

Before the Court is Plaintiffs' Proposed Bill of Costs (Doc. 15) and Defendant's Response (Doc. 15). On October 24, 2025, this Court granted Plaintiffs' Motion to Remand and granted leave to submit an itemized statement for fees and costs incurred. (Doc. 14). Plaintiffs submitted their Bill of Costs and Defendant responded. Defendant Quaker argues that the removal was objectively reasonable, and fees were not requested by Plaintiffs, thus fees should be denied.

Defendant argues that the removal was objectively reasonable because the claim is a state wage dispute claim that incorporates the federal scheme of the Fair Labor Standards Act ("FLSA"). In the Order (Doc. 13), this Court joined many other courts in ruling that a plaintiff's mere reference to federal statutes or case law in a complaint is not sufficient to create a federal question. *See Kennedy v. Commercial Bank,* 2012 WL 639014, at \*2 (E.D.Mo. Feb. 27, 2012); *I.S. v. Washington Univ.*, 2011 WL 2433585, \*5 (E.D.Mo. Jun. 14, 2011) (unreported) (no federal question jurisdiction where state law claim for negligence per se referred to the Health Insurance Portability and Accountability Act (HIPAA), 42 U.S.C. §§1320d et. al.)); *Taylor v. Lewis*, 772 F.Supp.2d 1040, 1044–45 (E.D.Mo.2011) (unreported) (no federal question jurisdiction in claim for personal injuries involving HUD lease); *Henderson v. Jordan*, 2009 WL 2168692, \*2 (E.D.Mo.

1

July 17, 2009) (unreported) (no federal question jurisdiction where state law breach of fiduciary claim referred to SEC regulations).

This Court also disagreed with Defendant's interpretation that the issue of a "meal break" claim was a novel one that required significant interpretation of federal law. (Doc. 13 at 4). It was clear to the Court that a "meal break" claim is simply an overtime claim, provided for by state law. *See Bowler v. Allied Barton Security Servs.*, LLC, 123 F. Supp. 3d 1152, 1158 (E.D. Mo. 2015) (quoting *Merrill Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 813-814 (1986) ("It is well-settled law that the presence of a "meal break" claim does not disturb "the long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."")

For these reasons, the Court found no objectively reasonable basis for seeking removal, and thus granted Plaintiff leave to submit proposed costs for fees under §1447(c). *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

In the Response, Defendant brings forth no specific objections to the amount of Plaintiffs' proposed costs. (Doc. 16). Plaintiffs seek a recovery of $3,575.00. After a review of the record, the Court finds the costs sought by Plaintiffs are reasonable.

Wherefore, the Court **GRANTS** the Proposed Bill of Costs. Plaintiffs are hereby awarded costs in the amount of $3,575.00.

**IT IS SO ORDERED.**

DATED: December 2, 2025

                                               */s/ Douglas Harpool*
                                              **DOUGLAS HARPOOL**
                                              **UNITED STATES DISTRICT JUDGE**